UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LEBRON, | ) | Case No. 4: 16 CV 2000 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN OF FCI ELKTON, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Respondent | ) | AND ORDER |

### INTRODUCTION AND BACKGROUND

*Pro se* petitioner Jose Lebron, a federal prisoner currently incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.

He alleges that while he was incarcerated in the Federal Correctional Institution in Morgantown, West Virginia, he was wrongly convicted of the disciplinary infraction of possessing a contraband cell phone for which he was sanctioned with the loss of good time credit, segregation, and telephone, commissary, and visitation restrictions.

On July 16, 2015, prison staff conducted a "shakedown" of petitioner's unit, and a Lieutenant revealed that a cellular telephone had been discovered underneath a window sill in the wall ledge of the quarters assigned to the petitioner and his cube mate. An incident report was forwarded to the petitioner the next day, charging him with Possession of a Hazardous Tool, and the matter was referred to a Discipline Hearing Officer (DHO). A disciplinary hearing was held on August 18,

2015, via video conference. The petitioner insisted the phone was not his, that it was found in an area to which other inmates also had access, and that he would not lie and called home two to three times a day via the institution's inmate access phone. The DHO nonetheless found the petitioner had committed the prohibited act. The DHO found the petitioner had a powerful motive for denying the charge and gave greater weight than the petitioner's testimony to the reporting officer's report that the phone was found in an area easily accessible to both the petitioner and his cell mate, which both inmates were responsible for keeping free of contraband. Both the petitioner and his cell mate denied responsibility for the phone, and the DHO found it was "logical to make the inference" that both inmates received the benefit of the phone and found them both guilty of the disciplinary infraction.

The petitioner alleges his conviction is based on insufficient evidence in violation of due process. He argues that no forensic evidence was found linking him to the contraband phone and that he cannot be found guilty under a theory of constructive possession because he did not have exclusive domain over the area in which the phone was found. He seeks expungement of his disciplinary violation and restoration of his good time credits.

### STANDARD OF REVIEW

Promptly after the filing of a habeas petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to habeas petitions under §2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a habeas corpus petition which should be

dismissed for lack of merit on its face").

## ANALYSIS

Upon review, the Court finds that this *habeas* petition must be dismissed. Although prisoners who face the loss of good time credits for alleged misconduct are entitled to the minimum protections of procedural due process, federal courts have a very limited ability to review the determinations of prison disciplinary boards. Pursuant to *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), a federal court must uphold a disciplinary board's disciplinary determination as consistent with due process as long as there is "some evidence" to support the board's decision. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). It "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. Instead, the standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board," *id*. at 455-56, even when the evidence used against the prisoner "might be characterized as meager," or where there is no direct evidence linking him to the conduct charged. *Id.* at 457.

Although the DHO did not have conclusive forensic or other direct evidence linking the petitioner to the contraband phone, the DHO was free to reject the petitioner's claims that he was not aware of the phone and to assign greater weight to the evidence showing that the phone was discovered in an area that the petitioner was responsible for keeping free of contraband. Other district courts have upheld disciplinary convictions based on similar evidence of constructive possession of a contraband phone. *See, e.g., Kelley v. Warden*, No. 4: 13 CV 662, 2013 WL 4591921 (N.D. Ohio Aug. 26, 2013). While it would have been possible for the DHO to have

reached a different conclusion on the evidence, it is not the role of the Court to substitute its own judgment for that of the DHO. The Court finds, as the district court found in *Kelley*, that the petitioner's disciplinary conviction was supported by "some evidence" consistent with due process.

## CONCLUSION

Accordingly, this *habeas* action is summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 8, 2016